IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JACOB CYTACKI, and all others similarly situated under 29 USC § 216(b), | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 7:23-cv-00085 |
| v. | § § | JURY DEMANDED |
| NIGHTHAWK COMPLETION SERVICES, LLC, | § § § | Collective Action pursuant to 29 U.S.C. § 216(b) |
| *Defendant*. | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jacob Cytacki ("Plaintiff" or "Cytacki"), bringing this collective action and lawsuit individually and an on behalf of all other similarly situated employees (the "FLSA Collective") against Defendant Nighthawk Completion Services, LLC ("Nighthawk" or "Defendant") for failing to pay Cytacki and the FLSA Collective all of their overtime pay as required by the Fair Labor Standards Act ("FLSA"). Plaintiff respectfully shows the Court as Follows:

### I.  INTRODUCTION

1. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself individually and on behalf of the FLSA Collective to recover all unpaid overtime wages.

2. Defendant violated the FLSA 29 U.S.C. § 207(a)(1) by employing Cytacki and the FLSA Collective "for a workweek longer than forty hours [but refusing to compensate them] for [all their] employment in excess of [forty] hours… at a rate not less than one and one-half times the regular rate at which [they are or were] employed."

___

3. Defendant also violated the FLSA by failing to pay Cytacki and the FLSA Collective at the proper overtime rate.

## II.   JURISDICTION & VENUE

4. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' FLSA claims occurred in the Midland/Odessa Division of the Western District of Texas.

## III.   PARTIES

6. Jacob Cytacki is an individual who resides in Texas and was employed by Nighthawk from March of 2021 to April of 2023.

7. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA under 29 U.S.C. § 216(b). The FLSA Collective consists of Defendant's current and former employees employed over the last three years who were responsible for performing manual and technical labor to provide Defendant's products and services for customers at jobsites, whether they were referred to as field techs or had other job titles with substantially similar job responsibilities.

8. Nighthawk Completion Services, LLC is a Texas Limited Liability Company and may be served with process by serving the company's registered agent, Christopher Cody Nevilles, at 13831 West F.M. 850, Lometa, Texas 76853, or wherever he may be found.

9. Whenever it is alleged that Defendant committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with

the full authorization, ratification or approval of Nighthawk Completion Services, LLC, or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.   FACTS

14. Defendant is an oilfield services company that provides the following services: chemical mixing and delivery, pressure testing services, hydraulic torque wrench equipment, solid control services, and flowback equipment.

15. Defendant's office headquarters is located within the territorial jurisdiction of this Court at 2908 Elkins Road, Midland, Texas 79705.

16. Defendant employed Cytacki as a field tech from approximately March of 2021 to April of 2023.

17. Defendant employed the FLSA Collective as field techs for various periods of time within the last three years.

18. During Cytacki's and the FLSA Collective's employment with Defendant, they were engaged in commerce or the production of goods for commerce.

19. During Cytacki's and the FLSA Collective's employment with Defendant, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Cytacki's and the FLSA Collective's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

21. Defendant paid Cytacki and the FLSA Collective on an hourly basis and did not pay Cytacki or the FLSA Collective on a salary basis, as properly defined in 29 C.F.R. § 541.602. Defendant employed a "ticketing" hours scheme where the employees, including Cytacki, were

_____

only compensated for time that was or could be billed to a client, and not compensated according to their true hours worked.

22. Cytacki and the FLSA Collective regularly worked in excess of forty hours per week.

23. Defendant knew or reasonably should have known that Cytacki and the FLSA Collective worked in excess of forty hours per week.

24. Cytacki and the FLSA Collective are not exempt employees and Defendant correctly did not classify them as exempt employees.

**Unpaid overtime**

25. Defendant did not pay Cytacki and the FSLA Collective all their overtime worked "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1). In other words, Defendant did not pay Cytacki and the FSLA Collective for all hours worked and paid Cytacki and the FSLA Collective at an overtime rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

26. Defendant employed a ticketing scheme for recording hours worked. The basic premise of the ticketing scheme was to track time spent completing specific tasks for customers and clients. Due to this being the method for tracking each employee's compensable time, Defendant did not fully compensate Cytacki and other similarly situated employees for all their hours worked, but rather, only for the hours that could be billed to a client or customer.

27. As a direct consequence of employing this ticketing scheme, Cytacki and other similarly situated employees were underpaid and in a manner that materially misrepresented the true number of hours worked. Specifically, Cytacki and the other similarly situated employees were not paid for any time spent servicing tools and equipment, time traveling between jobs, and

any other time worked that could not be billed to the customers and clients. Further, when Cytacki and the FLSA Collective tried to submit time for work performed that could not be included on a ticket to a client or customer, Defendant would reject the time submission or simply not pay it.

28. In addition to Defendant's failure to pay Cytacki and the FLSA Collective for their full hours worked (basing pay solely on ticketing hours), Defendant failed to properly calculate Cytacki's and the FLSA Collective's regular rate of pay for overtime purposes, as required under 29 U.S.C. § 207(e) and 29 CFR § 778.208. Specifically, Cytacki and other members of the FLSA Collective were paid non-discretionary bonuses in the form of a 2% commission on the amount of money that was collected from clients that Cytacki and each member of the FLSA Collective individually brought in. These non-discretionary bonuses were not properly included in calculating Cytacki's and the FLSA Collective's regular rate of pay and overtime rate of pay. As a result, Defendant underpaid Cytacki and the FLSA Collective in all work weeks where Cytacki and the FLSA Collective worked more than forty hours and were paid non-discretionary bonuses.

### **Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)**

29. The FLSA requires employers to keep accurate records of hours worked and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

30. Defendant failed to keep true and accurate records of hours worked by failing to record time that was in fact worked by Cytacki and the FLSA Collective, not merely time that could be billed to clients and customers.

31. Defendant knew that their time records did not reflect actual compensable time worked by Cytacki and the FLSA Collective, however, Defendant chose to not comply with FLSA record keeping requirements.

## V.     CLAIMS FOR RELIEF

**Collective Action Allegations**

32. Cytacki and the FLSA Collective incorporate by reference paragraphs 1-31 as set forth above.

33. As described above, Cytacki and the FLSA Collective members have been victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

34. Many members of the FLSA Collective worked alongside Cytacki, performed the same work activities, were paid in the same manner, and were not properly compensated for all hours worked as required by the FLSA.

35. The FLSA Collective members, like Cytacki, were described and referred to as "field techs" and substantially performed the same tasks as Cytacki, were paid only according to the ticket time scheme and not based on actual hours worked.

36. Thus, Defendant imposed a uniform practice or policy on Cytacki and the FLSA Collective regardless of any individualized factors.

37. Cytacki and the FLSA Collective regularly worked in excess of forty (40) hours per week and were not fully compensated for their overtime wages.

38. As described above, the members of the FLSA Collective are similarly situated to Cytacki in terms of relevant job title, job duties, pay provisions, and employment practices.

39. Defendant's failure to fully pay overtime wages at the rate required by the FLSA, results from generally applicable, systematic policy and/or practices which are not dependent on the personal circumstances of any member of the FLSA Collective.

40. Cytacki's experience is typical of the experiences of all FLSA Collective members.

41. Cytacki has no interests contrary to, or in conflict with, the members of the FLSA collective. Like each member of the proposed FLSA Collective, Cytacki has an interest in obtaining the unpaid overtime wages owed under Federal law.

42. A collective action, such as the instant one, is superior to the other available means for fair and effective adjudication of the lawsuit.

43. Absent this action, many FLSA Collective members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

44. Furthermore, even if some of the FLSA Collective members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

45. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

46. The questions of law and fact common to each of the FLSA Collective members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant employed the FLSA Collective members within the meaning of the FLSA;

    b. Whether Defendant failed to maintain accurate records within the meaning of the FLSA; and

    c. Whether Defendant's decision to not fully pay the FLSA Collective for all their overtime wages was willful.

47. Cytacki's claims are typical of the FLSA Collective members' claims. Cytacki and the FLSA Collective members have sustained damages arising out of Defendant's illegal and uniform employment policies.

48. Cytacki knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

49. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**Count 1 – Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

50. Cytacki and the FLSA Collective incorporate by reference paragraphs 1-49 as set forth above.

51. During Cytacki and the FLSA Collective's employment with Defendant, they were non-exempt employees.

52. As non-exempt employees, Defendant was legally obligated to pay Cytacki and the FLSA Collective "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for all the hours they worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

53. Defendant had reason to know that it was not paying Cytacki and the FLSA Collective in accordance with the FLSA. Defendant showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. Specifically, when Cytacki and the FLSA Collective tried to submit time for work performed that could not be included on a ticket to a client or customer, Defendant would reject the time submission or simply not pay it.  As such,

Defendant willfully violated the overtime requirements of the FLSA, despite multiple attempts and concerns expressed by Cytacki to be paid for all hours worked.

54. Specifically, Defendant employed a ticketing scheme for recording hours worked. The basic premise of the ticketing scheme was to track time spent completing specific tasks for customers and clients. Due to this being the method for tracking each employee's compensable time, the result was that Cytacki and other similarly situated employees where not paid for all their hours worked (e.g., cleaning and servicing tools, traveling between job sites), and instead only for the hours that could be billed to a client or customer.

55. As a direct consequence of employing this ticketing scheme, Cytacki and other similarly situated employees were underpaid in a manner that materially misrepresented the true number of hours worked.

56. In addition to Defendant's failure to pay Cytacki and the FLSA Collective for their full hours worked (basing pay solely on ticketing hours), Defendant failed to properly calculate Cytacki's and the FLSA Collective's regular rate of pay for overtime purposes, as required under 29 U.S.C. § 207(e) and 29 CFR § 778.208. Specifically, Cytacki and the FLSA Collective were regularly paid non-discretionary bonuses in the form of a 2% commission on the amount of money that was collected from clients that Cytacki and each member of the FLSA Collective individually brought in. These non-discretionary bonuses were not properly included in calculating Cytacki's and the FLSA Collective's regular rate of pay and overtime rate of pay. As a result, Defendant underpaid Cytacki and the FLSA Collective in all work weeks where Cytacki and the FLSA Collective worked more than forty hours and were paid non-discretionary bonuses.

## VI. UNPAID WAGES AND DAMAGES

57. Defendant is liable as an employer as defined under the FLSA 29 U.S.C. § 203(d). Accordingly, Cytacki and the FLSA Collective seek damages from Defendant for the following unpaid wages and damages:

    a. Payment for all unpaid overtime back wages resulting from compensable time worked but for which no pay or inadequate pay was received over the past three years due to Defendant's willful violations of the FLSA and as permitted under the FLSA 29 U.S.C. § 255(a); and

    b. Liquidated damages equal to the amount of unpaid back wages.

## VII. ATTORNEYS' FEES AND COSTS

58. As a result of Defendant's conduct, Cytacki and the FLSA Collective retained the undersigned counsel to prosecute their claims. Cytacki and the FLSA Collective seek to recover their attorneys' fees, expert witness fees, and any costs incurred from bringing this action under 29 U.S.C. § 216(b).

## VIII. JURY DEMAND

59. Cytacki and the FLSA Collective demand a trial by jury on all issues of fact and damages in this action.

## IX. PRAYER

60. For these reasons, Cytacki and the FLSA Collective respectfully pray that Defendant be cited to appear and answer, and that on final hearing, the Court enter Judgment against Defendant for the following costs, fees, and damages:

    a. Unpaid back wages going back three years;

    b. liquidated damages;

    c.    costs of this action, including the fees and costs of experts and reasonable attorneys' fees;

    d.    pre-judgment and post-judgment interest at the maximum rate allowed by law; and

    e.    such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
Fernando M. Bustos; SBN: 24001819
fbustos@bustoslawfirm.com
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
JACOB CYTACKI AND THE
FLSA COLLECTIVE